

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§

EX PARTE                                          No. 08-13-00194-CR

§

                                                  Appeal from the

RODNEY RAMIREZ.                  §

                                                  327th District Court

§

                                                  of El Paso County, Texas

§

                                                  (TC# 59793-327-3 (900D08595))

§

## <u>MEMORANDUM OPINION</u>

Rodney Ramirez, *pro se*, appeals an order denying his application for writ of habeas corpus. We dismiss the appeal for want of jurisdiction.

## PROCEDURAL HISTORY

This case has traveled a confusing and at times contradictory path. Consequently, we find it necessary to set out the procedural history in some detail. In 1990, an El Paso County grand jury returned an indictment against Appellant charging him with three counts of credit card abuse, enhanced by two prior felony convictions, and the indictment was filed in the 327th District Court of El Paso County under cause number 59793. A jury found Appellant guilty of count I in 1991. The trial court found only one of the enhancement paragraphs true and assessed Appellant's punishment at imprisonment for a term of eighteen years. This Court affirmed Appellant's conviction on October 21, 1992. *See Ramirez v. State*, No. 08-91-00397-CR

(Tex.App.--El Paso October 21, 1992, pet. ref'd.). Appellant has since filed applications for post-conviction writ of habeas corpus pursuant to Article 11.07 of the Code of Criminal Procedure and the Court of Criminal Appeals has denied relief.

On December 3, 2009, Appellant filed in the convicting court an application for writ of habeas corpus pursuant to Article 11.05 seeking to have the conviction vacated because the sentence is void. The State filed a written response to the writ application and construed it as an application for writ of habeas corpus pursuant to Article 11.07. The State requested that the trial court clerk forward the writ application to the Court of Criminal Appeals. The Court of Criminal Appeals refused to process the writ application and returned it to the trial court clerk on January 31, 2013 because it did not contain an Article 11.07 application for writ of habeas corpus. The trial court, in turn, informed Appellant of the Court of Criminal Appeals' decision and provided him with the Article 11.07 application form.

Appellant filed a mandamus petition against the 327th District Court in the Court of Criminal Appeals asserting that she had failed to rule on his writ application within a reasonable time and the Court of Criminal Appeals required the trial court to file a response. *See Rodney John Ramirez v. Hon. Linda Chew, Judge of the 327th District Court of El Paso County*, No. WR-25,057-09 (Tex.Crim.App. March 6, 2013). The trial court, making reference to the Court of Criminal Appeals' earlier letter rejecting the writ application for non-compliance with Rule 73.1, found that Appellant's petition did not comply with Rule 73.1 because it had not been made on the form prescribed by the Court of Criminal Appeals. *See* TEX.R.APP.P. 73.1. The trial court concluded that Appellant was attempting to circumvent the rules governing post-conviction writ applications by submitting the writ application pursuant to Article 11.05 and the writ application should be dismissed as a subsequent writ pursuant to Article 11.07, § 4. *See*

TEX.CODE CRIM.PROC.ANN. art. 11.07, § 4 (West Supp. 2013). The trial court clerk forwarded the writ application to the Court of Criminal Appeals on March 21, 2013.

On June 26, 2013, the Court of Criminal Appeals conditionally granted mandamus relief, finding that the writ application was not filed pursuant to Article 11.07, and therefore, Rule 73.1 and Article 11.07, § 4 did not apply. *In re Rodney John Ramirez*, No. WR-25,057-09 (Tex.Crim.App. June 26, 2013). The Court of Criminal Appeals ordered the trial court to enter a ruling on the original writ application.[1] The trial court, on July 16, 2013, entered an order denying Appellant's application for writ of habeas corpus. Appellant timely filed notice of appeal.

### APPELLATE JURISDICTION

We must address whether the Court has jurisdiction of this appeal. Citing *Ex parte Renier*, 734 S.W.2d 349 (Tex.Crim.App. 1987), Appellant alleges in his writ application that Article 11.07 is unavailable to him because he "has been fully discharged in the above-numbered cause . . . ." He further alleges that he "has suffered collateral consequences by enhancement from this void conviction . . . ." We understand Appellant to seek habeas corpus relief pursuant to Article V, Section 8 of the Texas Constitution and Article 11.05 of the Code of Criminal Procedure rather than Article 11.07.

In *Ex parte Renier*, the Court of Criminal Appeals held that actual confinement is a prerequisite to an application for post-conviction habeas corpus relief under Article 11.07. *Ex parte Renier*, 734 S.W.2d at 351. More specifically, *Ex parte Renier* stated that "unless an applicant is confined pursuant to a commitment for a felony conviction, a postconviction application for habeas corpus relief from collateral consequences of another conviction will not

---

[1] On April 2, 2013, Appellant filed an amended application for writ of habeas corpus pursuant to Article 11.07. This writ application is accompanied by the Rule 73.1 form.

lie under Article 11.07." *Id.* at 353. The Legislature amended Article 11.07, § 3(c) in 1995 to provide that: "Confinement means confinement for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas corpus." *See* Acts of May 24, 1995, 74th Leg., R.S., ch. 319, § 5, sec. 3(c), 1995 Tex.Gen.Laws 2764, 2771 (current version at TEX.CODE CRIM.PROC.ANN. art. 11.07, § 3(c)(West Supp. 2013)). Thus, the Legislature eliminated *Ex parte Renier's* construction of confinement as requiring literal confinement. *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex.Crim.App. 2010). A showing of a collateral consequence, without more, is sufficient to trigger application of Article 11.07. *Id.*

The record reflects that Appellant was convicted in 1991 of credit card abuse, a third degree felony. He argues that his sentence of eighteen years' imprisonment in that case is void because the State failed to prove he is the same person convicted of the offenses used for enhancement purposes. By his writ application, Appellant sought to have this felony conviction vacated and "removed from the record." Appellant alleges he has discharged the eighteen-year sentence in the credit card abuse case. He is, however, currently incarcerated in the Clements Unit of TDCJ-ID where he is serving a sentence of eighty-one years on two burglary of a habitation convictions (cause number 980D11615).[2] We affirmed his convictions in cause number 980D11615 by opinion and judgment issued on September 21, 2000 and the mandate issued on June 17, 2003. *See Ramirez v. State*, No. 08-99-00082-CR, 2000 WL 1367952 (Tex.App.--El Paso September 21, 2000, pet. ref'd)(not designated for publication). We understand Appellant to allege in his writ application that the challenged credit card abuse conviction (cause number 59793) has been used for purposes of enhancement although he does not identify the case in which it has been so used. This use of the credit card abuse conviction for enhancement purposes is identified by Appellant as a collateral consequence of the

---

[2] The case is styled *The State of Texas v. Rodney Ramirez* and the cause number is 980D11615.

conviction in his writ application.

On November 7, 2013, we ordered the trial court to make additional findings related to Appellant's claim that the challenged conviction (cause number 59793) has been used for enhancement purposes and the trial court's findings of fact have been filed. The trial court found that: (1) Appellant has discharged his eighteen year sentence in the challenged conviction (cause number 59793); (2) Appellant is currently serving a sentence of eighty-one years on two counts of burglary of a habitation (cause number 980D11615); and (3) cause number 59793 was used to enhancement the sentence in cause number 980D11615. Given that Appellant is currently incarcerated on a final felony conviction in TDCJ-ID (cause number 980D11615) and his petition seeks relief from a collateral consequence of his credit card abuse conviction (cause number 59793), we conclude that Appellant is confined within the meaning of Article 11.07, § 3(c). Article 11.07 is the exclusive procedure available to Appellant to challenge his conviction in cause number 59793. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07, §§ 1, 3 (West Supp. 2013). Further, the writ is returnable to the Court of Criminal Appeals. TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3(a)(West Supp. 2013). This Court does not have jurisdiction to hear the purported appeal of a trial court's ruling on an application for habeas corpus falling under Article 11.07. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991)(orig. proceeding). Accordingly, we dismiss the appeal for want of jurisdiction.

GUADALUPE RIVERA, Justice

January 15, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

- 5 -